# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RENNY FARLEY, Inmate #R33023,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-152-WDS** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.

## FACTUAL ALLEGATIONS

Plaintiff states simply that the Illinois Department of Corrections ("IDOC") has been charging him a $2 co-pay every time he receives non-emergency health care.  Plaintiff argues that this removal of funds from his account is improper under an Illinois Supreme Court case, *Hadley v. Illinois Department of Corrections*, 864 N.E.2d 162 (Ill. 2007).  In *Hadley*, an Illinois inmate challenged the IDOC practice of charging a $2 co-pay to inmates prior to receipt of non-emergency medical treatment as conflicting with an Illinois statute under which indigent inmates are exempt from the co-payment.  The Illinois Supreme Court held that the IDOC improperly interpreted the statute, and as a result, that the IDOC's rule governing removal of the co-pay from inmate trust fund accounts was invalid.  *Id.* at 173.

## LEGAL STANDARDS

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under that provision, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988).

Courts have consistently held that co-payments for inmate medical treatment are not unconstitutional.  *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615

(N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

Thus, Plaintiff has failed to state a claim under section 1983 because the IDOC's practice does not violate the constitution.  Plaintiff has demonstrated that the practice is in conflict with Illinois law, but "[t]he federal government is not the enforcer of state law."  *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).  The Court declines to exercise supplemental jurisdiction over this state law claim.  *See* 28 U.S.C. § 1367.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  June 25, 2007**


                                        <u>s/ WILLIAM D.  STIEHL</u>
                                        **DISTRICT JUDGE**